UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA D. BRODSKY,<br><br>                     Plaintiff,<br><br>   v.<br><br>WARDEN NEVEN et al.,<br><br>                    Defendants. | Case No. 2:14-cv-1064-RFB-CWH<br><br>SCREENING ORDER |

       Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*, a motion to be released on parole immediately, a motion to be transferred back to Chicago free of parole, a motion for treatment, a motion to demand to produce documents, a motion to be removed from the NDOC, a motion to enter supporting documents, an emergency motion to be released, a motion for default, a motion demand for response, a motion to show default, a motion demand for hearing, a motion for order to show cause for default, a motion for contempt of court, and a motion to add defendants. ECF Nos. 1-1, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 20, 21, 22, 23. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.      SCREENING STANDARD**

       Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, a court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court may "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327–28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

**II.   SCREENING OF COMPLAINT**

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). ECF No. 1-1 at 1. Plaintiff sues Defendants Warden Dennis Neven, Nurse Maria Vital, Dr. Holmes, Nurse David, and John Doe Defendants. Id. at 2–3, 10. Plaintiff alleges three counts and seeks monetary damages and injunctive relief. Id. at 6, 9.

### A.     Count I

In Count I, Plaintiff alleges the following: On April 8, 2014, Plaintiff transferred into the custody of the NDOC from Clark County. ECF No. 1-1 at 3–4. It took the NDOC 28 days to acquire Plaintiff's "badly needed" hypertension medication, and John Doe Defendants refused to check on his medication or find out where it was. Id. at 4. On April 11, 2014, Plaintiff experienced shortness of breath with his normal daily tasks and started sending medical requests. Id. John Doe Defendants refused to check on Plaintiff. Id. Plaintiff also wrote to Neven, but Neven never responded to Plaintiff. Id. On May 4, 2014, Plaintiff could not breathe and prison officials had to call a "man down," the code for medical help. Id. Prison officials transferred Plaintiff to the infirmary and later returned Plaintiff to his cell that night. Id. On May 6, 2014, Plaintiff saw Dr. Holmes, who confirmed that Plaintiff's breathing had been diminished. Id. On May 9, 2014, Plaintiff saw a nurse who immediately admitted Plaintiff to the infirmary. Id. On May 12, 2014, Plaintiff's condition had worsened but John Doe Defendants simply told Plaintiff that he was having a panic attack. Id. Defendants have not performed chest x-rays on Plaintiff. Id. Plaintiff alleges "medical malpractice or negligence." Id.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014).

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under

the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

The Court dismisses Count I with prejudice, as amendment would be futile. Pursuant to the law, Plaintiff cannot state an Eighth Amendment claim for medical malpractice or negligence.

### B.     Count II

In Count II, Plaintiff alleges the following:  After Plaintiff had been admitted to the infirmary for shortness of breath, Nurse David repeatedly told Plaintiff that he was "crazy." ECF No. 1-1 at 5. Dr. Holmes told a nurse that Plaintiff was a waste of the doctor's time. Id. Dr. Holmes did not examine Plaintiff but, instead, spoke to Plaintiff through a hole in the cell door. Id. Seven days after Plaintiff was released, he had to call a man down. Id. Plaintiff was readmitted to the infirmary by Nurse Maria because of dizziness. Id. Dr. Holmes ordered Plaintiff to go to Valley Hospital, but when Plaintiff's tests came back negative, Dr. Holmes discharged Plaintiff. Id. The doctors refused to treat Plaintiff or acknowledge him. Id. Plaintiff alleges that the "entire medical staff has abused their power and have treated Plaintiff inhumanely." Id.

"To establish an Eighth Amendment violation [for deliberate indifference to serious medical needs], a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow, 681 F.3d at 985. To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when

1  prison officials deny, delay or intentionally interfere with medical treatment, or it may be
2  shown by the way in which prison physicians provide medical care." Id. (internal
3  quotations omitted). When a prisoner alleges that delay of medical treatment evinces
4  deliberate indifference, the prisoner must show that the delay led to further injury. See
5  Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)
6  (holding that "mere delay of surgery, without more, is insufficient to state a claim of
7  deliberate medical indifference").

8  "A difference of opinion between a prisoner-patient and prison medical authorities
9  regarding treatment does not give rise to a § 1983 claim." Franklin v. State of Or., State
10  Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that a difference of
11  opinion amounted to deliberate indifference, the prisoner "must show that the course of
12  treatment the doctors chose was medically unacceptable under the circumstances" and
13  "that they chose this course in conscious disregard of an excessive risk to [the
14  prisoner's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

15  The Court finds that Plaintiff fails to state an Eighth Amendment claim for
16  deliberate indifference to serious medical needs. Based on the allegations, the doctors
17  and nurses at HDSP have been treating Plaintiff. Based on the allegations, the medical
18  staff stopped responding to Plaintiff after tests from Valley Hospital came back
19  "negative" for something to treat. Additionally, Plaintiff has not alleged that any "harm"
20  has come from the medical staff's actions. As such, the Court dismisses this claim with
21  prejudice, as amendment would be futile.

22  **C.    Count III**

23  In Count III, Plaintiff alleges the following: On March 24, 2014, Judge Douglas E.
24  Smith sentenced Plaintiff to serve 13 to 60 months in the custody of the NDOC. ECF
25  No. 1-1 at 6. That judge further ordered that Plaintiff should be in a permanent medical
26  ward. Id. Dr. Holmes, Neven, and Assistant Warden Howell refuse to abide by that order
27  and will not send Plaintiff to the permanent medical ward. Id. Those defendants state
28  that they do not have to listen to the state district court judge. Id. Plaintiff filed a

1  contempt order with that judge. Id.

2  The Court finds that Plaintiff fails to state a cognizable claim in Count III. Plaintiff
3  alleges that he has filed a contempt motion with the same judge that issued the order
4  directing the NDOC to place Plaintiff in a permanent medical ward. The Court finds that
5  Plaintiff has correctly sought to enforce that order with the same court that issued the
6  order. Plaintiff fails to state a cognizable § 1983 claim with these allegations. The Court
7  dismisses this claim with prejudice, as amendment would be futile.

**III.  MISCELLANEOUS MOTIONS SEEKING RELEASE FROM PRISON**

9  Plaintiff has filed five motions ultimately seeking his release from prison. See
10 ECF Nos. 5, 6, 7, 9, 11. The Supreme Court has held that a prisoner in state custody
11 cannot use a § 1983 action to challenge "the fact or duration of his confinement," but
12 instead must seek federal habeas corpus relief or the appropriate state relief. Wilkinson
13 v. Dotson, 544 U.S. 74, 78 (2005). In Wilkinson, the Supreme Court held that "a state
14 prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought
15 (damages or equitable relief), no matter the target of the prisoner's suit (state conduct
16 leading to conviction or internal prison proceedings)—*if* success in that action would
17 necessarily demonstrate the invalidity of confinement or its duration." Id. at 81–82
18 (emphasis in original). The Court denies these five motions and directs Plaintiff to seek
19 the appropriate habeas corpus relief challenging the validity or duration of his
20 confinement.

21 Plaintiff has filed a motion to demand production of documents by defendants.
22 ECF No. 8. The Court denies this motion because the Court has dismissed this case for
23 failure to state a cognizable claim.

24 Plaintiff also has filed a motion to enter supporting documents. ECF No. 10. The
25 Court denies this motion as moot because the Court has dismissed this case for failure
26 to state a cognizable claim.

**IV.  MISCELLANEOUS MOTIONS SEEKING DEFAULT**

28 Plaintiff files six motions seeking default and demand for a response or hearing.

1  ECF Nos. 12, 13, 14, 20, 21, 22. In his motion for default, Plaintiff urges this Court to
2  grant his motion for removal from the NDOC because Defendants did not file a
3  response. ECF No. 12 at 1. In his motion demanding a response, Plaintiff requests a
4  default because Defendants did not respond. ECF No. 13 at 1. In his motion to show
5  default, Plaintiff urges the Court to grant his motions because Defendants did not
6  respond. ECF No. 14 at 1. In his motion demanding a hearing, Plaintiff argues that
7  Defendants have not responded to any of his motions. ECF No. 20 at 1. In the motion to
8  show cause for default, Plaintiff requests a default because Defendants have failed to
9  acknowledge his motions. ECF No. 21 at 1. In the motion for contempt of court, Plaintiff
10 seeks damages from the docket clerk because she did not serve his complaint. ECF
11 No. 22 at 1.

12  Pursuant to 28 U.S.C. § 1915A, the Court must screen Plaintiff's prisoner
13 complaint and identify any cognizable claims before the Clerk of the Court dockets the
14 complaint and the complaint is served. 28 U.S.C. § 1915A(a). In this case, Plaintiff's
15 complaint had not been docketed and, thus, Defendants have not been served with the
16 complaint or any of Plaintiff's other miscellaneous motions. As such, Defendants were
17 not required to respond to any of Plaintiff's motions. Accordingly, the Court denies
18 Plaintiff's motions.

19 **V.   MOTION TO ADD DEFENDANTS**

20  Plaintiff has also filed a motion to add additional defendants to his complaint,
21 which the Court construes as a motion to amend the complaint. ECF No. 23. Plaintiff
22 states that on July 18, 2014, he was transferred from High Desert State Prison to
23 Northern Nevada Correctional Center (NNCC). Id. He seeks to add the warden,
24 assistant warden, and several members of the NNCC medical staff as defendants and
25 states that they are committing medical malpractice and violations of the Federal Rules.
26 Id.

27  "A court should freely give leave to amend when justice so requires. Fed. R.
28 Civ. P. 15(a)(2). It is properly denied, however, if amendment would be futile." Carrico v.

- 8 -

1  City and Cty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (internal quotation marks omitted). In this case, Plaintiff seeks leave to amend his complaint to add additional defendants, but does not include any additional factual allegations that would cure the deficiencies the Court has identified in each of the counts of his complaint. Because the Court has denied Plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted and Plaintiff's proposed amendment would be futile, the Court denies Plaintiff's motion to add defendants.

## VI. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the application to proceed *in forma pauperis* (ECF No. 3) is denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the complaint is dismissed in its entirety with prejudice, as amendment would be futile, for failure to state a claim.

**IT IS FURTHER ORDERED** that that the motions seeking Plaintiff's release from prison (ECF Nos. 5, 6, 7, 9, 11) are denied. Plaintiff may challenge the validity and duration of his confinement in the appropriate habeas corpus proceeding.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff two copies of an *in forma pauperis* application form for a prisoner, one copy of the instructions for same, two copies of a blank 28 U.S.C. § 2254 habeas corpus form, and one copy of instructions for the same.

**IT IS FURTHER ORDERED** that that the motion for demand to produce documents (ECF No. 8) is denied.

**IT IS FURTHER ORDERED** that the motion to enter supporting documents (ECF No. 10) is denied as moot.

**IT IS FURTHER ORDERED** that the motions seeking default (ECF Nos. 12, 13, 14, 20, 21, 22) are denied.

/ / /

1   **IT IS FURTHER ORDERED** that the motion to add defendants (ECF No. 23) is
2   denied as futile.
3   **IT IS FURTHER ORDERED** that this Court certifies that any *in forma pauperis*
4   appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. §
5   1915(a)(3).
6   The Clerk of the Court shall enter judgment accordingly.
7   DATED THIS 23rd day of December, 2014.

RICHARD F. BOULWARE II
UNITED STATES DISTRICT JUDGE